```
1200617-Court-A-Unit                      IN RE
BRUCE F. JOBE                             MANNON BETHEA
4312 LUDGATE ST.                          897 BETHEA RD.
ATTORNEY AT LAW
LUMBERTON, NC 28358                       MAXTON, NC 28364
                                          SSN or Tax I.D.   XXX-XX-6388
                                          ------------------------------
Chapter 13                                JOAN BETHEA
Case Number:   12-00617-8-SWH             897 BETHEA RD.

                                          MAXTON, NC 28364
                                          SSN or Tax I.D.   XXX-XX-1387
```

```
                                          United States Bankruptcy Court
                                          1760 Parkwood Boulevard
                                          Courtroom Room 101
                                          Wilson, NC 27893
```

NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Richard M. Stearns, Chapter 13 Trustee  has  filed  papers  with  the  Court to Confirm the Chapter 13 Plan.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 07/05/2012, you or your attorney must file with the court, pursuant to Local Rule  9013-1  and  9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
          U.S. Bankruptcy Court
          Eastern District of North Carolina
          1760-A Parkwood Blvd
          Wilson, NC  27893
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

| Debtor(s): | Attorney: | Trustee: |
|---|---|---|
| MANNON BETHEA | BRUCE F. JOBE | Richard M. Stearns |
| 897 BETHEA RD. | 4312 LUDGATE ST. | 1015 Conference Dr. |
| MAXTON, NC 28364 | ATTORNEY AT LAW | Greenville, NC 27858 |
| ------------------------------ | LUMBERTON, NC 28358 | |
| JOAN BETHEA | | |
| 897 BETHEA RD. | | |
| MAXTON, NC 28364 | | |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted  on  the motion at a date, time  and  place  to  be later  set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may  decide  that  you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date:  June 04, 2012                      Richard M. Stearns
                                          Chapter 13 Trustee
                                          1015 Conference Dr.
                                          Greenville, NC 27858
```

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

IN RE:                                                      CASE NUMBER:  12-00617-8-SWH

**MANNON BETHEA**

**JOAN BETHEA**

**CHAPTER 13**

**DEBTOR(S)**

**MINUTES OF 341 MEETING AND**
**MOTION FOR CONFIRMATION OF PLAN**

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on March 1, 2012, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C. §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the Trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

   | Amount | | Duration | |
   |---|---|---|---|
   | $625.00 | for | 48 | Months |
   |  | for |  | Months |
   |  | for |  | Months |
   |  | for |  | Months |

   **THE ANALYSIS OF THIS PLAN INDICATES THE GENERAL UNSECURED CREDITORS MAY NOT RECEIVE A DIVIDEND.  IF FUNDS ARE AVAILABLE TO THE UNSECURED CLASS THE EXACT AMOUNT TO BE PAID EACH CLAIM CANNOT BE CALCULATED AT THIS TIME;**

   <u>Debtors With No Projected Disposable Income.</u> If it has been determined that Debtor(s) has/have no projected disposable income and no equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured creditors the obligation of the debtor(s) to make such payments shall cease upon payment to the Trustee of a sum sufficient to pay all allowed arrearage claims on secured debts, or other allowed secured claims (not including those to be paid "outside the plan), unsecured priority claims,

administrative claims and co-sign protect claims (if any) in full, along with the amount indicated below to be paid on general unsecured claims. <u>IN SUCH EVENT THE GENERAL UNSECURED CLAIMS WILL BE PAID $0.00 THROUGH THIS PLAN.</u>

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before May 30, 2012 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before July 23, 2012 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

   a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #2  SHEPPARDS MOTORS | '97 FORD | TO BE PAID DIRECT |

   b. Continuing Long Term Debts to be paid by the Trustee:

   The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #802 CITIMORTGAGE | 1ST MORTGAGE | **IF PROOF OF CLAIM IS TIMELY FILED** the claim is to be paid on a monthly basis according to the terms of the contract effective the first month after confirmation. Arrearages, if any, to be paid over the life of the plan. Two post-petition contractual payments shall be included in the arrearage claim. **(SEE PARAGRAPH 8 BELOW)** |

   c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|

   NONE

   d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| #33 UNITED CONSUMER FINANCE | KIRBY | $238.35 SECURED<br><br>$1596.79 UNSECURED | TO BE PAID OVER THE TERM OF THE PLAN @ 5 ¼% INTEREST |

 e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|

NONE

Provided sufficient funds are available, and a proof of claim has been filed and allowed, the secured creditors listed above can expect to receive a minimum monthly payment equal to 1% of the value of their collateral.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with that November 5, 2009 Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments.

   Administrative Arrearage Claim Treatment Under Conduit Order. If the mortgage creditor on a mortgage subject to the "Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments Effective January 1, 2010" (hereinafter "Conduit Order") files a Proof of Claim for post petition arrearages that includes the two month "Administrative Arrearage" as defined in the Conduit Order, the Trustee has used that two month portion of the claimed amount as the Administrative Arrearage. In that event, Trustee has established that two month Administrative Arrearage claim as a separate claim and reduced the amount stated in the mortgage creditors proof of claim accordingly

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

   NONE

   Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7 and 8 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

16. Other Provisions:   None

                                                  RICHARD M. STEARNS

                                                  _____

                                                  Standing Chapter 13 Trustee

# EXHIBIT 'A'

**DEBTORS:** Mannon & Joan Bethea  **CASE NUMBER:** 12-00617-8-SWH

**EMPLOYMENT:**

Debtor: Social Security & Retirement  **GROSS INCOME:** $1,137.37

Spouse: Social Security

**Prior Bankruptcy cases:** Yes ☐  No ☒  If so, Chapter ___ filed ___

Disposition:

**Real Property:** House and Lot ☒  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐

| | | | |
|---|---|---|---|
| Description: | Residence @ 897 Bethea Road / Joint | | |
| FMV | $81,000.00 | Date Purchased | |
| Liens | $60,884.00 | Purchase Price | |
| Exemptions | $20,116.00 | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | | Tax Value | $81,000.00 |

| | | | |
|---|---|---|---|
| Description | Lot @ 45 Stealth Drive / Joint | | |
| FMV | $6,600.00 | Date Purchased | |
| Liens | $0.00 | Purchase Price | |
| Exemption | $6,600.00 | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | | Tax Value | |

**COMMENTS:**

**Attorney Fees:**
- Requested: $3,000.00 (excluding filing fee)
- Paid: $135.00 (excluding filing fee)
- Balance: $2,865.00

**Trustee's Recommendation:** $3,000.00

Comments:

**Plan Information:**

| Plan Information: | | After 341 | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $44,356.90 | Pay in | $30,000.00 | Priority | 100.00% |
| Priority | $3.00 | Less  8.00% | $2,400.00 | Secured | 100.00% |
| Secured | $23,170.40 | Subtotal | $27,600.00 | Unsecured | 0.00% |
| Unsecured | $21,183.50 | Req. Atty. Fee | $2,865.00 | Joint | 0.00% |
| Joint Debts | $0.00 | Available | $24,735.00 | Co-Debts | 0.00% |
| Co-Debtor | $0.00 | | | | |

**Annual Review:** Yes ☒  No ☐
**Payroll Deduction:** Yes ☐  No ☒
Objection to Confirmation: Yes ☐  No ☒

Pending:
Resolved:

<u>Motions Filed:</u>        Yes   ☐        No   ☒

      If so, indicate type and status:

Hearing Date:

| | | | |
|---|---|---|---|
| CASE: 1200617 | TRUSTEE: 54 | COURT: 278 | Page 1 of 2 |
| TASK: 06-01-2012.00628788.LSA000 | | DATED: 06/04/2012 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Richard M. Stearns | 1015 Conference Dr.<br>Greenville, NC 27858 |
| Debtor | | MANNON BETHEA | 897 BETHEA RD.<br>MAXTON, NC 28364 |
| Joint | | JOAN BETHEA | 897 BETHEA RD.<br>MAXTON, NC 28364 |
| 799 | 000002 | BRUCE F. JOBE<br>ATTORNEY AT LAW | 4312 LUDGATE ST.<br>LUMBERTON, NC 28358 |
| 023 | 000023 | NATIONWIDE INSURANCE<br>507 PRUDENTIAL RD | C/O NCO FINANCIAL<br>HORSHAM, PA 19044 |
| 012 | 000012 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY | P.O. BOX 7317<br>PHILADELPHIA, PA 19101-7317 |
| 012 | 000035 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY | P.O. BOX 7317<br>PHILADELPHIA, PA 19101-7317 |
| IRS | 000004 | INTERNAL REVENUE SERVICE<br>INSOLVENCY SUPPORT SERVICES | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 017 | 000017 | BERKS CREDIT & COLLECTIONS, INC. | PO BOX 329<br>TEMPLE, PA 19560 |
| 030 | 000030 | CREDITORS COLLECTION SERVICE | PO BOX 21504<br>ROANOKE, VA 24018 |
| 021 | 000021 | FRANK ROOFE OD<br>PO BOX 3136 | C/O INTERCREDCOL<br>WINSOTN SALEM, NC 27102 |
| 019 | 000019 | STERN & ASSOCIATES<br>CHAPTER 13 BANKRUPTCY | 415 N. EDGEWORTH STREET, STE. 210<br>GREENSBORO, NC 27401 |
| 013 | 000013 | IRS | 4905 KOGER BLVD., STE 102<br>GREENSBORO, NC 27407 |
| 014 | 000014 | NC DEPT. OF REVENUE<br>ATTN: ANGELA FOUNTAIN | PO BOX 1168<br>RALEIGH, NC 27602-1168 |
| NCREV | 000005 | NC DEPT OF REVENUE<br>CHAPTER 13 BANKRUPTCY | PO BOX 1168<br>RALEIGH, NC 27602-1168 |
| 011 | 000011 | EMPLOYMENT SECURITY COMMISSION<br>CHAPTER 13 BANKRUPTCY | PO BOX 26504<br>RALEIGH, NC 27611 |
| ESC | 000003 | EMPLOYMENT SECURITY COMMISSION<br>CHAPTER 13 BANKRUPTCY | PO BOX 26504<br>RALEIGH, NC 27611 |
| 025 | 000025 | SCA COLLECTIONS | PO BOX 876<br>GREENVILLE, NC 27834-0876 |
| 031 | 000031 | JON BARRY AND ASSOCIATES<br>216 LEPHILLIP COURT NE | PO BOX 127<br>CONCORD, NC 28025-2954 |
| 001 | 000009 | GRADY I INGLE OR ELIZABETH ELKS<br>STE 400 | 10130 PERIMETER PKW<br>CHARLOTTE, NC 28216 |
| 018 | 000018 | CHARLOTTE RADIOLOGY | POB OX 30488<br>CHARLOTTE, NC 28230 |
| 002 | 000010 | SHEPPARDS MOTORS | 17840 ANDREW JACKSON HWY<br>LAURINBURG, NC 28352 |
| 016 | 000016 | BRIAN PARKES, MD | 1600 MEDICAL DR<br>LAURINBURG, NC 28352 |
| 029 | 000029 | SCOTLAND MEMORIAL HOSPITAL | P.O. BOX 1086<br>LAURINBURG, NC 28353-1086 |

CASE: 1200617    TRUSTEE: 54    COURT: 278    Page 2 of 2
TASK: 06-01-2012.00628788.LSA000    DATED: 06/04/2012

| | | | |
|---|---|---|---|
| 020 | 000020 | FIRST HEALTH OF THE CAROLINAS | PO BOX 3000<br>PINEHURST, NC 28374 |
| 026 | 000026 | PINEHURST SURGICAL CLINIC<br>POB 2000 | 5 FIRST VILLAGE DR<br>PINEHURST, NC 28374-8707 |
| 024 | 000024 | PEE DEE PATHOLOGY | 181 E. EVANS STREET<br>FLORENCE, SC 29505 |
| 028 | 000028 | TEK COLLECT, INC.<br>CHAPTER 13 | 871 PARK STREET<br>COLUMBUS, OH 43215 |
| 033 | 000033 | UNITED CONSUMER FINANCIAL SERVICE<br>CHAPTER 13 BANKRUPTCY | 865 BASSETT RD.<br>WESTLAKE, OH 44145-0000 |
| 033 | 000037 | UNITED CONSUMER FINANCIAL SERVICE<br>CHAPTER 13 BANKRUPTCY | 865 BASSETT RD.<br>WESTLAKE, OH 44145-0000 |
| 034 | 000034 | WORLD FINANCE CORP | 2100 N. BROADWAY<br>ANDERSON, IN 46012 |
| 015 | 000015 | ASHRO<br>CHAPTER 13 BANKRUPTCY | PO BOX 8951<br>MADISON, WI 53708 |
| 022 | 000022 | HARVEY KOHN M D PLLC<br>PO BOX 64378 | C/O IC SYSTEMS INC<br>ST PAUL, MN 55164 |
| 027 | 000027 | IC SYSTEMS, INC.<br>CHAPTER 13 BANKRUPTCY | PO BOX 64378<br>ST. PAUL, MN 55164 |
| 032 | 000032 | THE LAZER EYE INSTITUTE<br>PO BOX 64378 | C/O IC SYSTEMS<br>ST PAUL, MN 55164 |
| 800 | 000006 | CITIMORTGAGE | 1000 TECHNOLOGY DR.<br>O'FALLON, MO 63304-2240 |
| 801 | 000007 | CITIMORTGAGE | 1000 TECHNOLOGY DR.<br>O'FALLON, MO 63304-2240 |
| 802 | 000008 | CITIMORTGAGE | 1000 TECHNOLOGY DR.<br>O'FALLON, MO 63304-2240 |
| 035 | 000036 | UNITED CONSUMER FINANCIAL<br>3936 E. FT LOWELL RD STE 200 | C/O BASS & ASSOCIATES<br>TUCSON, AZ 85712 |

40 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 06/04/2012.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   06/04/2012   BY /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail